UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.

BRANDI THOMAS,

      Plaintiff,

v.

CDR HEALTH CARE, INC.
d/b/a CDR HEALTH CARE,

      Defendant.

_____/

## <u>NOTICE OF REMOVAL</u>

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF FLORIDA:

      Defendant, CDR HEALTH CARE, INC. d/b/a CDR HEALTH CARE ("Defendant"), by and through its undersigned counsel hereby gives notice of removal of an action pending in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, styled *Brandi Thomas v. CDR Health Care, Inc. d/b/a CDR Health Care*, Case No. 21-CA-000038 to the United States District Court for the Northern District of Florida, Tallahassee Division being the district and division within which that action is presently pending. As grounds for the removal, Defendant states as follows:

## <u>Introduction</u>

      1.    On or about January 6, 2023, Plaintiff filed a Complaint with the Second Judicial Circuit in and for Leon County, Florida asserting claims under 42 U.S.C. § 1981.

      2.    On March 8, 2023, Defendant was served with the Complaint in this action.

      3.    This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

4.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Composite Exhibit A** are copies of Plaintiff's Complaint and all state court process, pleadings, and orders served upon Defendant or maintained in the state court civil action.

5.      This Notice is filed within thirty (30) days of Defendant having been served with the Complaint. *See* 28 U.S.C. § 1446(b).

## Plaintiff's Complaint Raises a Substantial Question of Federal Law

6.      Title 28 U.S.C. § 1331 states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Title 28 U.S.C. § 1441(a) further states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." See 28 U.S.C. § 1441(a). Thus, federal question jurisdiction is triggered where a federal question is presented on the face of a plaintiff's complaint. See, e.g., Kemp v. Int'l Bus. Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997).

7.      Plaintiff's Complaint alleges violations of 42 U.S.C. § 1981. Complaint at ¶¶ 1, 37, 45, 48. Specifically, Plaintiff asserts that her lawsuit is an action "against Defendant for discrimination based upon race brought under 42 U.S.C. § 1981." *Id.* at ¶ 37. She also asserts that her lawsuit is an action "against Defendant for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C. § 1981." *Id.* at ¶ 48.

8.      Plaintiff, on the face of her Complaint, seeks relief based upon claims arising from federal law. Accordingly, this Court has original jurisdiction of this case under 28 U.S.C. § 1331, and this action is removable from state court pursuant to 28 U.S.C. § 1441(a).

9.      Copies of this Notice of Removal and a separate State Court Notice of Removal have been filed with the Clerk of the Circuit Court of the Second Judicial Circuit and served on Plaintiff's counsel.

10.     This Notice of Removal is signed by undersigned counsel pursuant to Fed. R. Civ. P. 11.

**WHEREFORE**, Defendant, CDR HEALTH CARE, INC. d/b/a CDR HEALTH CARE gives notice that the above-styled case now pending in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, is removed therefrom to this Court.

Respectfully submitted,

By: _s/ Melanie Leitman_
MELANIE R. LEITMAN, ESQ.
Florida Bar No.: 091523
E-mail: mleitman@stearnsweaver.com
Secondary E-mail: lrussell@stearnsweaver.com
GISELLE GUTIERREZ
Florida Bar No.: 100254
E-Mail: ggutierrez@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
106 East College Avenue, Ste 700
Tallahassee, Florida 32301
Telephone: (850) 329-4846
Facsimile: (850) 329-4861

*Attorneys for Defendant, CDR HEALTH CARE,*
*INC. d/b/a CDR HEALTH CARE*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 28, 2023, the foregoing document was served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: _s/ Melanie Leitman_____

MELANIE R. LEITMAN

## SERVICE LIST

Marie A. Mattox, Esq.
Florida Bar No.: 0739685
Email: marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

*Attorneys for Plaintiff, Brandi Thomas*

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

_____

       **I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

<u>BRANDI THOMAS</u>
Plaintiff

Case # <u>2023 CA 000038</u>
Judge _____

vs.
<u>CDR HEALTH CARE INC. d/b/a CDR HEALTH CARE</u>
Defendant

_____

      **II.    AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

      **III.    TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

EXHIBIT

A

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>1</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Marie A Mattox</u>       Fla. Bar # <u>739685</u>
     Attorney or party               (Bar # if attorney)

<u>Marie A Mattox     </u>       <u>01/06/2023</u>
 (type or print name)          Date

**IN THE CIRUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA**

**BRANDI THOMAS**

     **Plaintiff,**

**v.**

**CDR HEALTH CARE, INC.
d/b/a CDR HEALTH CARE,**

     **Defendant.**

_____/

**CASE NO.  23-CA-  2023 CA 000038
FLA BAR NO. 0739685**

## COMPLAINT

Plaintiff, BRANDI THOMAS, hereby sues Defendant, CDR HEALTH CARE, INC. d/b/a

CDR HEALTH CARE and alleges:

### JURISDICTION

1.     This is an action brought under 42 U.S.C. §1981.

2.     This is an action involving claims which are, individually, in excess of Fifty

Thousand Dollars ($50,000.00).

### THE PARTIES

3.     At all times pertinent hereto, Plaintiff, BRANDI THOMAS has been a resident of

the State of Florida and employed by Defendant.  Plaintiff is a member of a protected class because

of her race, and because she reported Defendant's unlawful employment activities and was subject

to retaliation thereafter.

4.     At all times pertinent hereto, Defendant, CDR HEALTH CARE, INC. d/b/a CDR

HEALTH CARE has been organized and existing under the laws of the United States.  At all times

pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.  Defendant is Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff began her employment with Defendant on August 16, 2021, and, at all times pertinent to this action, has worked as a registered nurse at Defendant's clinic in Tallahassee, Florida.

7.      Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of her race, and has been retaliated against after reporting this discrimination.

8.      The disparate treatment and retaliation came at the hands of specifically but not limited to Direct Supervisor Sally Sirman, Registered Nurse Alida Youngblood, Director of Operations Debbie Lindernuth and Chelsey Parsons.

9.      A few weeks after Plaintiff was employed on a temporary contract, Sirman hired two new nurses, Alice Tyre and Stacy Biddix, through the same contractual agreement that Plaintiff had been hired under. Shortly after being hired, these new hires were promoted to permanent full- time employees.

10.     Plaintiff was not aware that permanent positions were being offered, so on or about September 21, 2021, Plaintiff inquired with Sirman about becoming a permanent full-time employee.  Sirman told Plaintiff that she would send the required paper works to HR.

2

11.    Sirman further told Plaintiff that she assumed that Plaintiff did not like her enough to work full-time. After hearing Sirman's assumption, Plaintiff assured her that she had no problems with her nor any other worker at CDR Health.

12.    Both Tyre and Biddix are white.  Plaintiff became aware that none of the black workers got promoted to permanent full-time employees.

13.    Plaintiff expressed her concerns to Sirman about the new hires and their unfair promotion due to being white.

14.    Shortly after, the other nursing staff began to ostracize her and treat her differently. Plaintiff was also excluded from meetings and was not informed of changes that affected her job duties.

15.    To add to the discomfort within the work environment, plaintiff's feedback was hardly ever acknowledged. The director of operations, Lindernuth, treated Plaintiff's input as not important and ignored Plaintiff when she tried to converse with her.

16.    The dismissive way that her supervisor was treating her, coupled with the changes in the way other employees were treating Plaintiff, was increasingly affecting her comfort within the work environment.

17.    To add to the unfairness within the workplace, Charge Nurse Parsons made schedules to accommodate only herself and the other new nurses but not Plaintiff.

18.    In this new schedule, Plaintiff was forced to remove herself from working certain days, leading to a decrease in the hours she worked per pay period.

19.    During the training period at CDR Health, Plaintiff was briefly shown how to work in Regeneron. When she asked to be trained in other areas, Sirman told her to ask Youngblood

3

who showed no interest in training her. Due to lack of training, Plaintiff had no option but to train herself with the help of a few medical assistants.

20.     Charge Nurse Parsons asked Plaintiff sometime later to do a homebound mission. Plaintiff needed a quick tutorial with the handheld devices used for that task. However, Plaintiff was replaced with another nurse rather than receiving the training that was required to get the job done.

21.     On September 29, 2021, Plaintiff received an email from Parsons informing her that she had a home bound mission for which she would receive training from Joey Tillman and Kasey Rager, her preceptors. There were approximately 4-5 patients scheduled for the day but only one patient answered when contacted. Therefore, Plaintiff had an unknown work status for the rest of day.

22.      Prior to seeing her first morning patient, Plaintiff received training from Kasey on how to use the handheld device. After the first and only patient, Plaintiff returned to the office. As Plaintiff waited on instructions on what to do next, her trainer Tillman spoke to Lindernuth who told him that he and Plaintiff had a patient in Alligator Point and were to meet at patient's house at 2:00 pm that day.

23.     After taking her lunch break, Plaintiff proceeded to travel to the patient's home. On her drive there, she received a message from Parsons informing her that her preceptors went to patient's home to give vaccines prior to 1:30 pm.

24.     Plaintiff later found out from Youngblood that Rager spoke with Sirman asking her to notify Plaintiff of the change in the scheduled time. However, Sirman did not inform Plaintiff until after the preceptors visited the patient.

4

25.    At 2:50 pm on the same day, Plaintiff received a text message from Youngblood stating she had a lab training. However, since no clinical work was available, Plaintiff had already left for home per Sirman's instructions. This text message was another instance of non-communication as the nurse practitioner Marilyn Marvaez was to inform Plaintiff earlier but forgot to tell her.

26.    On another occasion, Sirman had a telehealth meeting to train the nurses on how to assist patients virtually. Sirman asked Plaintiff whether she wanted to be part of the meeting, however, since there were only three RNs there to cover the clinic, she volunteered to stay behind. Further, she had prior experience with telehealth.

27.    As Sirman gathered nurses for the training session, Plaintiff's sister, an African American woman, volunteered to sit in the meeting.

28.    As everyone proceeded to the conference room, Youngblood made a slick comment saying that there were enough different complexions in the conference room so Alice, a White woman, should join the meeting instead of Plaintiff's sister.

29.    Youngblood's comment made Plaintiff uncomfortable and when Plaintiff voiced her concern, Youngblood said, "it was a joke" and immediately walked away.

30.    In early October, 2021, due to low consensus, Plaintiff's work hours were cut, and she was informed that she could work until the end of October then her employment with CDR Health would end.

31.    Plaintiff then emailed Sirman on October 8, 2021 about a permanent position. Sirman told Plaintiff that she could not receive a permanent position per HR. When Plaintiff asked why she could not receive a permanent position, Sirman told her the decision was made on a case-by-case basis.

32.    On October 14, 2021, Plaintiff received a message from the front desk clerk that the contract workers were to go home. However, all the contract workers that were sent home was African American. The other workers who were offered permanent full-time positions were white.

33.    Plaintiff was soon removed from the work email while she was still employed.

34.    As a result of all the tension, non- communication, and unfair treatment within the workplace, Plaintiff was constructively terminated on October 22, 2021 although she was in reality already fired as stated above.

35.    Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the statutes referenced above.

## COUNT I
## RACE DISCRIMINATION

36.    Paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37.    This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §1981.

38.    Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than similarly situated White employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her race. This has impaired Plaintiff's rights to make and enforce contracts by subjecting him to different standards in the making, performance, modification, or termination of his contract with Defendant and/or in the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

39.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff

6

or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

40. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

41. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

42. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

43. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and impaired Plaintiff's right to make and enforce contracts.

44. The events set forth herein led, at least in part, to Plaintiff's termination and the refusal to give her a full-time permanent position.

45. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §1981.

46. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and punitive damages.

7

## COUNT II
## <u>RETALIATION</u>

47.     Paragraphs 1 through 35 are re-alleged incorporated herein by reference.

48.     This is an action against Defendant for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C. § 1981.

49.     Defendant is an employer as that term is used under the applicable statutes referenced above.

50.     The foregoing unlawful actions by Defendant were purposeful.

51.     Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter.

52.     The events set forth herein have led, at least in part, to adverse actions against Plaintiff.

53.     Plaintiff is a member of a protected class because she reported unlawful employment practices and has been the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

54.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, lost opportunities, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Dated this 6th day of January, 2023.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all counsel of record by CM/ECF this 6th day of January, 2023.

/s/ Marie A. Mattox
Marie A. Mattox

10

IN THE CIRUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

**BRANDI THOMAS**

      **Plaintiff,**

v.

**CDR HEALTH CARE, INC.**
**d/b/a CDR HEALTH CARE,**

      **Defendant.**

_____/

**CASE NO.  23-CA-** 2023 CA 000038
**FLA BAR NO. 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **CDR HEALTH CARE, INC.**
      **d/b/a CDR HEALTH CARE**
      **c/o LAURA FARINAS – REGISTERED AGENT**
      **11740 SW 80TH STREEET**
      **SUITE 102**
      **MIAMI, FL 33183**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____, 2023.

                 CLERK OF THE CIRCUIT COURT

                 By:_____   01/09/2023





# LEON COUNTY Receipt of Transaction
## Receipt #    1684193

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A Mattox

,

**On Behalf Of:**

On: 1/9/2023   8:38:17AM
Transaction # 100958879
Cashiered by: A TOLLIVER

,

| CaseNumber  2023 CA 000038 |
|---|

**Judge**   JOHN C COOPER

**BRANDI THOMAS** *VS* **CDR HEALTH CARE INC. D/B/A CDR HEALTH CARE**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

| | Grand Total: | 410.00 | 0.00 | 0.00 | 410.00 | 410.00 | 0.00 |
|---|---|---|---|---|---|---|---|

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 164280025 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | | **Payments Total:** | **410.00** | **0.00** | **0.00** | **0.00** | **410.00** |

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**BRANDI THOMAS**

     Plaintiff

vs                                   CASE NO.: 2023 CA 000038

  **CDR HEALTH CARE INC.**

     Defendant
_____/

## <u>UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT</u>

    In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

    **Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

## I. PROJECTED TRIAL DATE

    All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

    All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

    All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

    A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 150 days after filing: Service under any Extension of Time
> 180 days after filing: Adding New Parties
> 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 270 days after filing: Completion of Fact and Expert Discovery
> 270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 180 days after filing: Service under any Extension of Time
> 210 days after filing: Adding New Parties
> 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 400 days after filing: Completion of Fact and Expert Discovery
> 450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an  immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Monday, January 9, 2023

JOHN C COOPER CIRCUIT JUDGE

JOHN C COOPER
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

IN THE CIRUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

**BRANDI THOMAS**

      **Plaintiff,**

**v.**

**CDR HEALTH CARE, INC.**
**d/b/a CDR HEALTH CARE,**

      **Defendant.**
_____/

**CASE NO.   23-CA-38**
**FLA BAR NO. 0739685**

<u>**NOTICE OF APPEARANCE OF**</u>
<u>**JIM GARRITY FOR PLAINTIFF**</u>

The undersigned, Jim Garrity, now appears as counsel of record for Plaintiffs.   Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), hereby designates his primary and secondary e-mail addresses and requests that order, process, pleadings, and other documents filed and served in this matter be served on him at the following Primary and Secondary e-mail addresses:

Primary E-Mail Address:     <u>Jim@jimgarritylaw.com</u>
Secondary E-Mail Address:  <u>Elizabeth@mattoxlaw.com</u>

        Respectfully submitted,

         /s/    Jim Garrity
        Jim Garrity (FBN: 539211)
        MARIE A. MATTOX, P. A.
        203 North Gadsden Street
        Tallahassee, FL    32301
        Telephone:    (850) 383-4800
        <u>Jim@jimgarritylaw.com</u>
        <u>Elizabeth@mattoxlaw.com</u>

<u>**CERTIFICATE OF SERVICE**</u>

˅1˅

I hereby certificate that a copy of the foregoing was served via the Florida Courts ePortal system only this 24th day of February 2023.

/s/   Jim Garrity
Jim Garrity

# VERIFIED RETURN OF SERVICE

Job # T230632

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| BRANDI THOMAS | |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2023 CA 000038** |
| DCR HEALTH CARE INC. | |

**Service Info:**

Received by ROY MILLER: on February, 27th 2023 at 03:16 PM
Service: I Served **CDR HEALTH CARE, INC. D/B/A CDR HEALTH CARE C/O LAURA FARINAS - REGISTERED AGENT**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT**
by leaving with **Laura Farinas, REGISTERED AGENT**

At Business **11740 SW 80TH STREET SUITE 102 MIAMI, FL 33183**
Latitude: **25.714966**, Longitude: **-80.399041**

On **3/8/2023** at **11:09 AM**
**Manner of Service: CORPORATE R/A**
F.S. 48.091(1)(2) CORPORATIONS: DESIGNATION OF REGISTERED AGENT

**Served Description:  (Approx)**

Age: **45**, Sex: **Female**, Race: **Hispanic**, Height: **Sitting**, Weight: **130**, Hair: **Brown** Glasses:  **No**

I **ROY MILLER** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**ROY MILLER**
Lic # **2518**

**Accurate Serve of Tallahassee**
400 Capital Circle Southeast
Tallahassee, FL 32301

Client # T230632
Ref # MIA7310

 

1 of 1