UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.: 23-CV-00123-AW-MJF

BRANDI THOMAS,

      Plaintiff,

v.

CDR HEALTH CARE, INC.
d/b/a CDR HEALTH CARE,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND  AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant CDR Health Care, Inc., d/b/a CDR Health Care (Defendant) by and through undersigned counsel, hereby responds to the numbered paragraphs of the Complaint filed by Plaintiff, Brandi Thomas and assert affirmative defenses thereto:

Defendant denies each and every allegation of the Complaint except as may be specifically admitted, qualified, or otherwise answered below.  Defendant further states as follows:

## JURISDICTION

1.      This is an action brought under 42 U.S.C. §1981.

**ANSWER: Defendant admits only that Plaintiff purports to bring an action under 48 U.S.C. § 1981. Defendant denies any and all liability and wrongdoing, and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.**

2.      This is an action involving claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00).

**ANSWER: Defendant admits only that Plaintiff purports to bring an action involving claims which are, individually, in excess of $50,000. Defendant denies any and all liability and wrongdoing, and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.**

## THE PARTIES

3.      At all times pertinent hereto, Plaintiff, BRANDI THOMAS has been a resident of the State of Florida and employed by Defendant. Plaintiff is a member of a protected class because of her race, and because she reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

**ANSWER: Defendant is without knowledge or information pertaining to Plaintiff's place of residence and, therefore, denies the allegations in Paragraph 3 pertaining to her place of residence. Defendant admits that it employed Plaintiff but denies the remaining allegations in Paragraph 3. Defendant further denies that it committed any unlawful employment practices, that Plaintiff reported any such practices, or that Defendant illegally retaliated against Plaintiff for taking part in any protected activities.**

4.      At all times pertinent hereto, Defendant, CDR HEALTH CARE, INC. d/b/a/CDR HEALTH CARE has been organized and existing under the laws of the United States. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant is Plaintiff's employer as it relates to these claims.

**ANSWER: Defendant admits that it is a Florida corporation. Defendant denies that it is currently Plaintiff's employer. The remaining allegations in Paragraph 4 are legal conclusions to which a response is not required. To the extent a response is deemed to be required, Defendant denies those allegations.**

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.

**ANSWER: Defendant is without knowledge or information pertaining to the allegations in Paragraph 5 and, therefore, denies same.**

2

**STATEMENT OF THE ULTIMATE FACTS**

6.      Plaintiff began her employment with Defendant on August 16, 2021, and, at all times pertinent to this action, has worked as a registered nurse at Defendant's clinic in Tallahassee, Florida.

**ANSWER: Defendant admits that it hired Plaintiff on or about August 16, 2021 as a registered nurse in its Tallahassee, Florida clinic. The term "times pertinent to this action" is vague and ambiguous such that Defendant is unable to form a response to that allegation, and therefore denies same. Defendant denies Plaintiff remains employed with Defendant. Plaintiff denies any remaining allegations in paragraph 6 of the Complaint.**

7.      Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of her race, and has been retaliated against after reporting this discrimination.

**ANSWER: Denied.**

8.      The disparate treatment and retaliation came at the hands of specifically but not limited to Direct Supervisor Sally Sirman, Registered Nurse Alida Youngblood, Director of Operations Debbie Lindernuth and Chelsey Parsons.

**ANSWER: Denied. Defendant further denies that Plaintiff was subjected to disparate treatment because of her race or retaliation for engaging in protected activity.**

9.      A few weeks after Plaintiff was employed on a temporary contract, Sirman hired two new nurses, Alice Tyre and Stacy Biddix, through the same contractual agreement that Plaintiff had been hired under. Shortly after being hired, these new hired were promoted to permanent full-time employees.

**ANSWER: Denied.**

10.     Plaintiff was not aware that permanent positions were being offered, so on or about September 21, 2021, Plaintiff inquired with Sirman about becoming a permanent full-time employee. Sirman told Plaintiff that she would send the required paper works to HR.

**ANSWER: Defendant is without knowledge or information regarding the allegations contained in Paragraph 10 and, therefore, denied same.**

11.     Sirman further told Plaintiff that she assumed that Plaintiff did not like her enough to work full-time. After hearing Sirman's assumption, Plaintiff assured her that she had no problems with her nor any other worker at CDR Health.

**ANSWER: Defendant is without knowledge or information regarding the allegations contained in Paragraph 11 and, therefore, denied same.**

12.     Both Tyre and Biddix are white. Plaintiff became aware that none of the black workers got promoted to permanent full-time employees.

**ANSWER: Defendant admits that Alice Trye and Stacy Biddix self-identified as white. Defendant is without knowledge or information regarding Plaintiff's awareness regarding which workers were promoted to full-time employees, and, therefore, denies same.**

13.     Plaintiff expressed her concerns to Sirman about the new hires and their unfair promotion due to being white.

**ANSWER: Defendant is without knowledge or information regarding the allegations contained in Paragraph 13 and, therefore, denied same.**

14.    Shortly after, the other nursing staff began to ostracize her and treat her differently. Plaintiff was also excluded from meetings and was not informed of changes that affected her job duties.

**ANSWER: Denied.**

15.    To add to the discomfort within the work environment, plaintiff's feedback was hardly ever acknowledged. The director of operations, Lindernuth, treated Plaintiff's input as not important and ignored Plaintiff when she tried to converse with her.

**ANSWER: Denied.**

16.    The dismissive way that her supervisor was treating her, coupled with the changes in the way other employees were treating Plaintiff, was increasingly affecting her comfort within the work environment.

**ANSWER: Defendant is without knowledge or information regarding Plaintiff's comfort with her work environment, and, therefore, denies same. Defendant further denies that Plaintiff was subjected to disparate treatment on account of her race or in retaliation for participating in any protected activity.**

17.    To add to the unfairness within the workplace, Charge Nurse Parsons made schedules to accommodate only herself and the other new nurses but not Plaintiff.

**ANSWER: Denied.**

18.    In this new schedule, Plaintiff was forced to remove herself from working certain days, leading to a decrease in the hours she worked per pay period.

**ANSWER**: **Defendant admits that Plaintiff's work hours, along with the work hours of other nurses, were decreased due to reduced staffing needs. Defendant denies that Plaintiff was subjected to disparate treatment on account of her race or in retaliation for participating in any protected activity.**

19.     During the training period at CDR Health, Plaintiff was briefly shown how to work in Regeneron. When she asked to be trained in other areas, Sirman told her to ask Youngblood who showed no interest in training her. Due to lack of training, Plaintiff had no option but to train herself with the help of a few medical assistants.

**ANSWER**: **Defendant admits that it trained Plaintiff in the administration of Regeneron. Defendant denies the remaining allegations contained in Paragraph 19.**

20.     Charge Nurse Parsons asked Plaintiff sometime later to do a homebound mission. Plaintiff needed a quick tutorial with the handheld devices used for that task. However, Plaintiff was replaced with another nurse rather than receiving the training that was required to get the job done.

**ANSWER**: **Denied.**

21.     On September 29, 2021, Plaintiff received an email from Parsons informing her that she had a home bound mission for which she would receive training from Joey Tillman and Kasey Rager, her preceptors. There were approximately 4-5 patients scheduled for the day but only one patient answered when contacted. Therefore, Plaintiff had an unknown work status for the rest of the day.

**ANSWER**: **Denied.**

22.     Prior to seeing her first morning patient, Plaintiff received training from Kasey on how to use the handheld device. After the first and only patient, Plaintiff returned to the office. As Plaintiff waited on instructions on what to do next, her trainer Tillman spoke to Lindernuth who told him that he and Plaintiff had a patient in Alligator Point and were to meet at patient's house at 2:00 pm that day.

**<u>ANSWER</u>: Denied.**

23.     After taking her lunch break, Plaintiff proceeded to travel to the patient's home. On her drive there, she received a message from Parsons informing her that her preceptors went to patient's home to give vaccines prior to 1:30 pm.

**<u>ANSWER</u>: Denied.**

24.     Plaintiff later found out from Youngblood that Rager spoke with Sirman asking her to notify Plaintiff of the change in the scheduled time. However, Sirman did not inform Plaintiff until after the preceptors visited the patient.

**<u>ANSWER</u>: Denied.**

25.     At 2:50 pm on the same day, Plaintiff received a text message from Youngblood stating she had a lab training. However, since no clinical work was available, Plaintiff had already left for home per Sirman's instructions. This text message was another instance of non-communication as the nurse practitioner Marilyn Marvaez was to inform Plaintiff earlier but forgot to tell her.

**<u>ANSWER</u>: Denied.**

26.    On another occasion, Sirman had a telehealth meeting to train the nurses on how to assist patients virtually. Sirman asked Plaintiff whether she wanted to be part of the meeting, however, since there were only three RNs there to cover the clinic, she volunteered to stay behind. Further, she had prior experience with telehealth.

**ANSWER: Denied.**

27.    As Sirman gathered nurses for the training session, Plaintiff's sister, an African American woman, volunteered to sit in the meeting.

**ANSWER: Denied.**

28.    As everyone proceeded to the conference room, Youngblood made a slick comment saying that there were enough different complexions in the conference room so Alice, a White woman, should join the meeting instead of Plaintiff's sister.

**ANSWER: Denied.**

29.    Youngblood's comment made Plaintiff uncomfortable and when Plaintiff voiced her concern, Youngblood said, "it was a joke" and immediately walked away.

**ANSWER: Denied.**

30.    In early October, 2021, due to low consensus, Plaintiff's work hours were cut, and she was informed that she could work until the end of October then her employment with CDR Health would end.

**ANSWER: Defendant admits that Plaintiff's work hours were decreased in October 2021 due to a reduced staffing need, and that she was informed that her temporary employment would end at the end of October 2021.**

31.    Plaintiff then emailed Sirman on October 8, 2021 about a permanent position. Sirman told Plaintiff that she could not receive a permanent position per HR. When Plaintiff asked why she could not receive a permanent position, Sirman told her the decision was made on a case-by-case basis.

**ANSWER: Denied.**

32.    On October 14, 2021, Plaintiff received a message from the front desk clerk that the contract workers were to go home. However, all the contract workers that were sent home was African American. The other workers who were offered permanent full-time positions were white.

**ANSWER: Denied.**

33.    Plaintiff was soon removed from the work email while she was still employed.

**ANSWER: Denied.**

34.    As a result of all the tension, non-communication, and unfair treatment within the workplace, Plaintiff was constructively terminated on October 22, 2021 although she was in reality already fired as stated above.

**ANSWER: Denied.**

35.    Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutes referenced above.

**ANSWER**: **Defendant is without knowledge as to Plaintiff's retention of, and therefore denies same. Defendant also denies any and all liability and wrongdoing, and denies that Plaintiff is entitled to any award of attorney's fees or any relief, whether legal, equitable, or otherwise.**

## COUNT I
## RACE DISCRIMINATION

36.    Paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

**ANSWER**: **Defendant restates and reasserts each and every response to Paragraphs 1 through 35, as if set forth fully herein.**

37.    This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §1981.

**ANSWER**:    **Defendant admits only that Plaintiff purports to bring an action for race discrimination under 48 U.S.C. § 1981. Defendant denies any and all liability and wrongdoing, and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.**

38.    Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than similarly situated White employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her race. This has impaired Plaintiff's rights to make and enforce contracts by subjecting him to different standards in the making, performance, modification, or termination of his contract with Defendant and/or in the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

**ANSWER**: **Denied.**

39.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

**ANSWER**: **Denied. Defendant further denies that Plaintiff was subjected to any differential treatment or hostility based on her race.**

40.    Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

**ANSWER**: **Denied. Defendant further denies that Plaintiff was subjected to any differential treatment or hostility based on her race.**

41.    Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

**ANSWER**: **Denied.**

42.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

**ANSWER**: **Denied.**

43.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and impaired Plaintiff's right to make and enforce contracts.

**ANSWER: Denied. Defendant further denies that Plaintiff was subjected to any discrimination based on her race.**

44.     The events set forth herein led, at least in part, to Plaintiff's termination and the refusal to give her a full-time permanent position.

**ANSWER: Denied.**

45.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §1981.

**ANSWER: Denied.**

46.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and punitive damages.

**ANSWER: Denied. Defendant further denies any and all liability and wrongdoing, and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.**

**COUNT II**
**RETALIATION**

47.     Paragraphs 1 through 35 are re-alleged incorporated herein by reference.

**ANSWER: Defendant restates and reasserts each and every response to Paragraphs 1 through 35, as if set forth fully herein.**

48.     This is an action against Defendant for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C. § 1981.

**ANSWER: Defendant admits only that Plaintiff purports to bring an action for retaliation under 48 U.S.C. § 1981. Defendant denies any and all liability and wrongdoing, and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.**

49.     Defendant is an employer as that term is used under the applicable statutes referenced above.

**ANSWER: The allegations in Paragraph 49 are legal conclusions to which a response is not required.**

50.     The foregoing unlawful actions by Defendant were purposeful.

**ANSWER: Denied. Defendant further denies that it committed any unlawful employment practices.**

51.     Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter.

**ANSWER: Denied.**

52.    The events set forth herein have led, at least in part, to adverse actions against Plaintiff.

**ANSWER: Denied.**

53.    Plaintiff is a member of a protected class because she reported unlawful employment practices and has been the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

**ANSWER: Denied. Defendant further denies that Plaintiff was subjected to any retaliation due to her participation in protected activity.**

54.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, lost opportunities, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

**ANSWER: Denied. Defendant further denies any and all liability and wrongdoing, and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances.

**ANSWER: The "PRAYER FOR RELIEF" clause, and all of its subparts, following Paragraph 54 of the Complaint contains no allegations of fact to which a response is required. To the extent any response may be necessary, Defendant denies any and all liability and wrongdoing, and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.**

## DEMAND FOR TRIAL BY JURY

**Defendant admits only that Plaintiff requests a trial by jury, but denies any and all alleged wrongdoing and liability, and denies that Plaintiff has set forth triable issues for resolution by jury.**

## GENERAL DENIAL

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted above. Defendant denies any and all liability and wrongdoing, and denies that Plaintiff is entitled to any relief, whether legal, equitable or otherwise.

## AFFIRMATIVE DEFENSES

Defendant sets forth the following affirmative defenses to Plaintiff's Complaint, and reserve the right to add additional affirmative defenses as this case proceeds:

### First Affirmative Defense

Plaintiff fails to and cannot state a cause of action for discrimination on the basis of race or retaliation under §1981.

### Second Affirmative Defense

Defendant has policies and procedures for reporting any discrimination as alleged in the Complaint. Defendant acted reasonably to prevent any discrimination and retaliation, and Plaintiff failed to act reasonably to take advantage of Defendant's policies and procedures designed to prevent and remedy alleged discrimination and retaliation by failing to report any alleged discrimination or retaliation to Defendant, and failed to avoid harm otherwise.

**Third Affirmative Defense**

To the extent that any of Defendant's employee's actions are deemed to constitute discrimination or retaliation, any such actions were taken without any authority, without Defendant's knowledge or approval, were against Defendant's policies, and were outside the course and scope of any such employee's employment with Defendant.

**Fourth Affirmative Defense**

All actions taken by Defendant with regard to Plaintiff were taken in good faith, for good cause, and without regard to Plaintiff's race.

**Fifth Affirmative Defense**

All actions taken by Defendant were without any discriminatory motive, malice or reckless disregard of Plaintiff's rights.

**Sixth Affirmative Defense**

Plaintiff's recovery of backpay and benefits damages, if any, may be barred or reduced by any amount that Plaintiff earned or could reasonably have earned at any time following her separation from Defendant. During discovery, if Defendant learns that Plaintiff has failed to mitigate her damages, Plaintiff's alleged backpay and benefits damages, if any, must be reduced in whole or in part by any amount(s) that Plaintiff, through reasonable diligence, earned or could have earned since her separation from Defendant.

**Seventh Affirmative Defense**

Plaintiff's damages must be reduced or offset by any amount that Plaintiff has earned in subsequent employment following her separation from Defendant's employment.

**Eighth Affirmative Defense**

Plaintiff's damages may be barred, in whole, or in part, by the doctrine of after-acquired

evidence. If Defendant, through the litigation, discovers evidence of misconduct by Plaintiff that would have warranted her termination if she were still employed by Defendant, any right of Plaintiff to recover damages would be cut off as of the date of such discovery.

### Ninth Affirmative Defense

The allegations in the Complaint fail to state a claim upon which punitive damages may be awarded.

### Tenth Affirmative Defense

Plaintiff's claims may be barred by the doctrine of laches, waiver, estoppel and/or unclean hands, including without limitation her own improper conduct that caused or contributed to her alleged damages, if any.

### DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, Defendant, CDR Health Care, Inc., d/b/a CDR Health Care, respectfully requests that: (i) a judgment be entered in its favor and against Plaintiff as to the claims set forth in the Complaint; (ii) CDR Health Care be entitled to recover its reasonable attorney's fees and costs incurred in connection with the defense of this action as allowable by law; and (iii) for such further relief as this Court deems just and proper.

Dated:  April 18, 2023        Respectfully submitted,

By:  _s/ Melanie Leitman_
MELANIE R. LEITMAN, ESQ.
Florida Bar No.: 091523
E-mail: mleitman@stearnsweaver.com
Secondary E-mail: lrussell@stearnsweaver.com
GISELLE GUTIERREZ
Florida Bar No.: 100254
E-Mail: ggutierrez@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
106 East College Avenue, Ste 700
Tallahassee, Florida 32301
Telephone: (850) 329-4846
Facsimile: (850) 329-4861

*Attorneys for Defendant, CDR HEALTH CARE,*
*INC. d/b/a CDR HEALTH CARE*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 18, 2023, the foregoing document was served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By:  _s/ Melanie Leitman_
MELANIE R. LEITMAN

**<u>SERVICE LIST</u>**

Marie A. Mattox, Esq.
Florida Bar No.: 0739685
Email: marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

*Attorneys for Plaintiff, Brandi Thomas*